UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                         Case No. 8:12-CR-240-T-27MAP

**AMADOR MENA-TRELLEZ**
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the United States Magistrate Judge recommending that Defendant's *pro se* Motion to Proceed in Forma Pauperis be denied (Dkt. 94). After consideration and a *de novo* review, the recommendation is **ADOPTED** in part. Defendant's *pro se* Motion to Proceed in Forma Pauperis (Dkt. 94) ("IFP") is **DENIED**. His *pro se* Motion for Notice of Appeal (Dkt. 85) is construed as a motion to file belated appeal and for extension of the time within which to appeal. That motion is **DENIED**.[1]

A district court is required to "make a *de novo* determination of those portions of the magistrate's report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The district court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). And the district court may reconsider a report and recommendation where it has been shown that the magistrate's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 Fed. Appx. 554, 556 (11th Cir. 2010) (citing

---

[1] To the extent Defendant requests leave to withdraw his Motion for Leave to Proceed In Forma Pauperis "after determination of the validity of his attempted appeal," (Dkt. 95, p. 4), that request is denied as moot.

*United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## Procedural History

On March 27, 2013, Defendant was sentenced to 135 months after he pleaded guilty, pursuant to a Plea Agreement, to conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, and Judgment was entered on March 28, 2013 (Dkt. 83). The Plea Agreement contained an appeal waiver clause. (Dkt. 62, p. 14, ¶ 17).

On October 1, 2013, more than six months after he was sentenced, Defendant signed his *pro se* Motion for Notice of Appeal (Dkt. 85) and his Motion for Leave to Proceed In Forma Pauperis (Dkt. 86).[2] The Motion for Leave to Proceed In Forma Pauperis was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). In the Report and Recommendation, the Magistrate Judge recommends that Defendant's Motion for Leave to Proceed In Forma Pauperis be denied because his appeal is untimely. Defendant, in an *unsigned* pleading, moves to strike the Report and Recommendation, and in the alternative, objects to the Magistrate's recommendation (Dkt. 95).[3] The

---

[2] A notice of appeal filed by a *pro se* prisoner is deemed filed on the date he delivers it to prison authorities for mailing or places it in the prison mail system. *See* Fed. R.App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988). It is assumed, absent contrary evidence, that Defendant's filing "was delivered to prison authorities the day he signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[3] Defendant also objects to the Magistrate Judge's recommendation that two unsigned motions purportedly filed by Defendant be denied (Dkts. 90, 92). Defendant is correct that these motions were not expressly referred to the Magistrate Judge. Notwithstanding, the Magistrate Judge was certainly authorized under 28 U.S.C. § 636(b)(1) to review the motions and recommend that they be denied because they were, as the Magistrate Judge observed, "intertwined in substance to the referred motion." Notwithstanding, this Court *sua sponte* denies the motions because they are unsigned and without facial merit.

In one of those unsigned motions, and in his unsigned objections, Defendant cites *Roe v. Flores Ortega*, 528 U.S. 470 (2000). (Dkt. 91, p. 6; Dkt. 95, p. 3). If Defendant is contending that his attorney refused or failed to file an appeal after being requested to do so, his remedy is to file a motion under 28 U.S.C. § 2255. Although his pleadings are unsigned, it is noted that Defendant expressly disavows any intention to file a motion to vacate under 28 U.S.C. §2255 (Dkt. 96, p. 6).

Report and Recommendation will not be stricken. There is no legal basis or authority to strike an order of a United States Magistrate Judge. Rather, under 28 U.S.C. § 636(b)(1), the district court may adopt or reject the recommendations of a Magistrate Judge.

## Discussion

Although the Magistrate Judge did not address the sufficiency of Defendant's IFP motion, the motion clearly did not comply with the requirements of 28 U.S.C. § 1915. Defendant did not submit an affidavit identifying his assets or provide a copy of his prison trust fund account.[4] On that basis, independent of the Magistrate Judge's reasons for recommending denial of the IFP motion, Defendant's Motion to Proceed in Forma Pauperis is due to be denied. *Rowe v. Schreiber*, 139 F.3d 1381, 1382 (11th Cir. 1998) ("We may affirm a decision on any adequate grounds, including grounds other than the grounds upon which the district court actually relied.") (citing *Parks v. City of Warner Robins*, 43 F.3d 609, 613 n.2 (11th Cir. 1995)). Even if Defendant is qualified to proceed IFP, his appeal is untimely, and in any event, is not taken in good faith. *See* 28 U.S.C. § 1915(1)(3).

The Magistrate Judge correctly determined that Defendant's Motion for Notice of Appeal is untimely and that there is no authority to extend the time within which he could appeal. To be timely, the notice of appeal must have been filed no later than 14 days after Judgment was entered. *See* Fed. R.App. P. 4(b)(1)(A). *United States v. Vives*, __ Fed. Appx. __, 2013 WL 6244734, 1 (11th Cir. 2013). And while the deadline for filing a notice of appeal may be extended for up to 30 days, that deadline may only be extended if the motion for extension of time is filed within the additional 30 days during which an extension is permissible. Fed. R.App. P. 4(b)(4). "Otherwise, the district judge

---

[4] In order to qualify to proceed IFP, Defendant was required to "submit[] an affidavit that includes a statement of all assets [he] possesses that [he] is unable to pay such fees." 28 U.S.C. § 1915(a)(1). He is also required to include a copy of his trust fund account statement for the prior six-month period. 28 U.S.C. § 1915(a)(2); *Fuller v. Terry*, 381 Fed.Appx. 907, 908 (11th Cir. 2010). It is noted that Defendant was represented in his criminal case by retained counsel. (Dkt. 15).

lacks authority to further extend the time to appeal, even with a finding of excusable neglect or good cause." *United States v. Lopez,* 562 F.3d 1309, 1314 (11th Cir. 2009); *United States v. Vives, supra.*

The fourteen day period for filing Defendant's notice of appeal expired on April 14, 2013. Defendant did not seek an extension of time to file his appeal within 30 days. He did not even file his Motion for Notice of Appeal and Motion to Proceed in Forma Pauperis until October 1, 2013. Accordingly, the Magistrate Judge was correct that "the Court would be required to deny the motion." *Lopez,* 562 F.3d at 1314.

Accordingly,

1) Defendant's *pro se* Motion to Proceed in Forma Pauperis (Dkt. 86) is **DENIED**.

2) Defendant's *pro se* Motion for Notice of Appeal, construed as a motion to file belated appeal and for extension of the time within which to appeal, is **DENIED**.

3) Defendant's unsigned Motion for Show Cause Order Against Louis Casuso (Dkt. 90) is **DENIED** and his unsigned Motion for Determination as to Validity of Appeal (Dkt. 92) is **DENIED** as moot.

**DONE AND ORDERED** this 8th day of January, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Defendant
Counsel of Record